UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER JAMAL WALKER,

    Plaintiff,

v.
                                      Case No. 26-cv-10139
                                      Honorable Linda V. Parker

CITY OF FLINT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

On January 14, 2026, Plaintiff filed this pro se lawsuit against Defendant, claiming that Defendant failed to produce complete records requested under the Michigan Freedom of Information Act. (ECF No. 1.) On the same date, Plaintiff also filed an application to proceed in forma pauperis ("IFP") pursuant to 19 U.S.C. § 1915. (ECF No. 2.) The Court is granting Plaintiff leave to proceed IFP but is summarily dismissing the Complaint without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2).

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997). Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While a reviewing court must liberally construe pro se pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009).

This Court lacks subject matter jurisdiction over Plaintiff's Complaint. Section 1331 confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff only claims a violation of Michigan law. A federal claim is not plausibly alleged even when construing the pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, federal subject matter jurisdiction cannot be based on § 1331.

Nor is diversity jurisdiction plausibly alleged to confer federal subject matter jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The parties, here, are both Michigan "citizens."

Additionally, the amount in controversy is not satisfied. Therefore, diversity jurisdiction under § 1332 is lacking as well.

For these reasons, Plaintiff's Complaint is not properly filed in this federal court. Plaintiff should be seeking relief in state court.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) due to a lack of subject matter jurisdiction.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 16, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager